UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
MONIQUE DAVIS,

Plaintiff,

-against-

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant.
---------------------------------------------------------X

**REPORT AND RECOMMENDATION**
20 CV 4282 (EK) (PCG)

**CROSS-GOLDENBERG**, United States Magistrate Judge:

On September 13, 2020, Plaintiff Monique Davis commenced this action against the Commissioner of the Social Security Administration, alleging that she was wrongfully denied Disability Insurance Benefits. (Dkt. No. 1 ("Compl."). On January 25, 2024, the Honorable Eric R. Komitee granted Plaintiff's motion for judgment on the pleadings, remanding the Commissioner's decision for further administrative proceedings. (Dkt. No. 21).

Currently pending before this Court is Plaintiff's Motion for an award of counsel's fees, pursuant to Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b). (Dkt. No. 25 ("Mot."). For the reasons set forth below, the Court respectfully recommends that the Motion be granted.

## BACKGROUND

Plaintiff Davis applied for Disability Insurance Benefits on April 24, 2018, claiming to have been disabled since June 3, 2017. (Dkt. No. 12 at 16). The decision was denied on November 27, 2019. (Id. at 29). On July 17, 2020, the Social Security Administration's Appeals Council denied Plaintiff's appeal of the Administrative Law Judge's decision. (Id. at 5). Following the denial, Plaintiff executed a Retainer Agreement with counsel on August 24,

2020. (Dkt. No. 25-1 ("Osborn Decl.") ¶ 2; Dkt. No. 25-2 ("Retainer Agr."); Dkt. No. 25-7 (Pl.'s Mem.") at 1). The provision of the Retainer Agreement pertaining to attorney's fees provides that "attorney's fees for representation before Federal Court shall be the GREATER of…25[%] of the past-due benefits resulting from my claim…OR [s]uch amount as my attorney is able to obtain pursuant to the Equal Access to Justice Act (EAJA)." (Retainer Agr. at 1 (bolding omitted)).

On September 13, 2020, counsel filed the instant action pursuant to 42 U.S.C. §§ 405(g)[1] and 1383(c)(3), appealing the Commissioner's decision to deny Plaintiff's claim for disability insurance benefits. (Pl.'s Mem. at 1). On July 15, 2021, Plaintiff filed her motion for judgment on the pleadings. (Id.; Dkt. No. 15). Judge Komitee granted Plaintiff's motion on January 25, 2024, remanding the case for further proceedings. (Pl.'s Mem. at 2; Dkt. No. 21). After negotiation, the parties stipulated to attorney's fees under the EAJA and Judge Komitee issued an Order approving $6,045.60 in EAJA attorney's fees and $402 in costs on July 15, 2024. (Pl.'s Mem. at 2; Dkt. No. 24).

Following remand, an SSA Administrative Law Judge held a new hearing and issued a favorable decision, finding Plaintiff had been under a disability. (Pl.'s Mem. at 2). The Social Security Administration issued a Notice of Award dated September 23, 2025, which was received on November 10, 2025. (Id.) The instant motion for counsel fees was then filed on November 24, 2025. The Notice of Award letter of September 23, 2025 advised that the Social Security Administration had withheld $17,958.50 from Plaintiff's past due benefits to pay a possible attorney fee request. (Dkt. No. 27 at 1 ("Gov't Ltr.")).[2]

---

[1] Section 405(g) is made applicable to final determinations regarding SSI benefits by 42 U.S.C. § 1383(c)(3).
[2] This amount represents one-quarter of plaintiff's total recovery. In its letter filed September 2, 2025, the government notes that the Commissioner has no direct financial stake in the outcome of counsel's motion and acts

On November 24, 2025, Plaintiff filed the instant motion seeking $17,958.50 in attorney's fees under Section 406(b). In the motion, counsel states he will refund to Plaintiff the lesser of any §406(b) award and the fee awarded pursuant to the EAJA, reflecting the terms of the Retainer Agreement. (Mot. at 4; Retainer Agr. at 1). On November 26, 2025, the Honorable Eric R. Komitee referred the motion to United States Magistrate Judge Cheryl L. Pollak for a Report and Recommendation. On June 1, 2026, the case was reassigned to the undersigned.

## DISCUSSION

Section 406(b) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant under this title . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A).

### A. Timeliness of Application

Before considering the substance of Plaintiff's motion, the Court must determine whether the motion is timely. Here, Plaintiff's Notice of Award was issued September 23, 2025, and received on November 10, 2025. (Pl.'s Mem. at 2). The instant motion was filed on November 24, 2025, 14 days after receipt of the Notice of Award letter. The Second Circuit applies Rule 54(d)(2)(B)'s 14-day time limit to the filing of attorney's fees requests under Section 406(b), Sinkler v. Berryhill, 932 F.3d 83, 87–88 (2d Cir. 2019), but recognizes that "district courts are empowered to enlarge that filing period where circumstances warrant." Id. at 89 (citing cases) (noting also that Rule 54(d)(2)(B) "expressly states that the specified period applies '[u]nless a statute or a court order provides otherwise'").

---

more like a "trustee for the claimants." (Id. at 1 (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002))). Thus, the Commissioner takes no position on the request for fees under Section 406(b). (Id.)

Here, the motion was filed within the 14-day time limit set by Rule 54. Accordingly, the Court respectfully recommends that the motion be deemed timely.

B. Reasonableness of Fee Request

The Court must now determine whether the requested fees are reasonable. See Gisbrecht, 535 U.S. at 807–08; Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). If the requested fee is based on a contingency fee agreement, it should be enforced unless the agreement is unreasonable. Wells, 907 F.2d at 372.

Although use of the lodestar method became popular in the context of "federal-court adjudication of disputes over the amount of fees properly shifted to the loser in [a] litigation," the Supreme Court in Gisbrecht held that the reasonableness check of Section 406 was not intended to "displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 802, 807. This is because Section 406(b) authorizes "fees payable from the successful party's recovery." Id. at 802. Rather than a complete bar, Section 406(b) merely establishes a limit on contingency agreements, with the Supreme Court explaining that "[g]iven the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements." Id. at 805. See also Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022) (explaining that "because a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case – not an hourly rate determined under lodestar calculations" (internal quotation marks omitted) (quoting Wells, 907 F.2d at 371)).

When conducting a reasonableness analysis, courts consider the following factors: (1) whether the contingency percentage falls within the 25% cap set by Section 406(b), see, e.g.,

Gisbrecht, 535 U.S. at 807 (holding that Section 406(b) "does not displace contingent-fee agreements" so long as the agreed-to fee comprises no more than 25% of a claimant's past-due benefits); (2) the character of counsel's representation and the achieved result (id. at 808); (3) whether counsel is responsible for undue delay (id.); (4) whether there has been fraud or overreaching in making the agreement, Fields, 24 F.4th at 853; and (5) whether the requested amount is so large as to constitute a windfall to the attorney. Id. (citing Gisbrecht, 535 U.S. at 807 and Wells, 907 F.2d at 372)).

To provide further clarity on the windfall factor, the Second Circuit in Fields advised that this factor "does *not* constitute a way of reintroducing the lodestar method" and that courts must consider "more than the de facto hourly rate" to determine whether there is a windfall that renders a Section 406(b) fee unreasonable in the context of a particular case. Id. at 854 (emphasis in original). In Fields, the Second Circuit instructed courts to consider (1) "the ability and expertise of the lawyers and whether they were particularly efficient," (2) "the nature and length of the professional relationship with the claimant – including any representation at the agency level[,]" (3) the claimant's satisfaction, and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–56.

In the instant case, the Social Security Administration withheld $17,958.50 from Plaintiff's past due benefits payable to Plaintiff to pay a possible attorney fee request. (Gov't Ltr. at 1). This represents 25% of Plaintiff's past-due benefits of $71,834.[3] (See Osborn Decl. ¶ 14). Thus, the requested contingency fee falls within the 25% cap set by Section 406(b).

[3] Counsel does not indicate the ultimate award. Because the Notice of Award states that the SSA usually withholds 25 percent of past due benefits, the Court calculates the total past due benefits by multiplying the withheld amount by 4. (See Dkt. No. 25-5 at 3).

Counsel represents that his firm expended 22.4 attorney hours on Plaintiff's case before the District Court. (Mot. at 5; Osborn Decl. ¶ 9). Based on counsel's representations and the amount withheld by the Social Security Administration, counsel will receive a de facto hourly rate of $801.72 if the motion is granted. (Mot. at 5). Although higher than hourly rates commonly awarded in this District under a typical lodestar analysis, this rate falls "within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit" when awarding fees under Section 406(b). Gentile v. Kijakazi, No. 21 CV 641, 2023 WL 6392905, at *2 (E.D.N.Y. May 3, 2023) (approving a de facto hourly rate of $1,750 and collecting cases that approved hourly rates between $1,072.17 to $2,100.00).

Beyond the de facto hourly rate, the Court's analysis of the record supports a finding that the Agreement is reasonable, and that the requested fee does not constitute a windfall to Plaintiff's counsel. It is evident that counsel achieved an excellent result for Plaintiff, who was established as disabled and awarded $71,834 in past-due benefits because of counsel's representation.[4] There is no indication from the record that counsel was responsible for any undue delay in this matter, and the Agreement appears to be standard in this field, rather than the result of fraud or overreaching on counsel's part.

As for the measure of satisfaction of the claimant, there is no evidence that Plaintiff was dissatisfied with the results achieved. See Fields, 24 F.4th at 855 (noting that there was no indication in the record that the claimant had objected to the fee amount, despite having a direct financial stake in the fee determination). Furthermore, in considering the fee request, the court has considered the "risk of non-payment" that an attorney assumes in contingent fee

[4] Counsel's representation included drafting a successful motion for judgment on the pleadings (Dkt. No. 15), after which Judge Komitee remanded the case for further administrative proceedings. (Dkt. No. 21).

arrangements, and the uncertainty of a favorable result for Plaintiff. See Wells, 907 F.2d at 371; see also Morrison v. Saul, No. 16 CV 4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019).

In sum, the Court finds that the Retainer Agreement executed by Plaintiff was both reasonable and in line with the Congressional limitations placed on Section 406(b) awards. The requested fee is also reasonable and it would not result in a windfall to counsel. Thus, the Court respectfully recommends that the motion be granted.

Finally, the Court notes that because counsel previously received an EAJA fee award of $6,045.60, which Judge Komitee awarded to Plaintiff on July 15, 2025 (Dkt. No. 24), counsel has represented that he will return those funds to the Plaintiff if the Court orders the Commissioner to disburse a fee award in the amount of $17,958.50. (Mot. at 4; Retainer Agr. at 1).

CONLCUSION

For the reasons set forth above, the Court respectfully recommends that the motion be granted, and that Plaintiff's counsel be awarded $17,958.50 in attorney's fees pursuant to Section 406(b)(1)(A) of the Social Security Act.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the district court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 19, 2026

/s/ *Peggy Cross-Goldenberg*
Peggy Cross-Goldenberg
United States Magistrate Judge
Eastern District of New York